dissenting:
I agree with the majority that under West Virginia law a deed acknowledged by a trustee acting as a notary will not be valid against subsequent bona fide purchasers for value who take without actual notice of its existence. See Tavenner v. Barrett, 21 W.Va. 656 (1883).* In applying that rule to the facts of this case, the majority holds that the knowledge of Hartman Paving, Inc. (Hartman) which executed the defective deed of trust is chargeable or imputed to Hartman as the debtórin-possession under the subsequent Chapter 11 bankruptcy proceeding. It is with *311 this holding that I disagree. I think that the knowledge of Hartman, as grantor, is not chargeable or imputed to Hartman, as debtor-in-possession, and therefore Hartman, as debtor-in-possession, had the right — indeed the duty — to disclaim the deed unless it is shown that all of Hartman’s creditors had actual notice of the deed. There is no such showing on this record. Thus I respectfully dissent.
I.
When Hartman, having actual knowledge of the defective deed, became a debt- or-in-possession, it became vested with the powers and the duties of a trustee in a bankruptcy case under Chapter 11, except the right to compensation as a trustee. 11 U.S.C. § 1107(a). Thus, Hartman became vested with the rights set forth in 11 U.S.C. § 544(a), the pertinent portions of which follow:
§ 544. Trustee as lien creditor and as successor to certain creditors and purchasers
(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;
(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.
By the statute, upon becoming a debtor-in-possession, Hartman acquired the statuses of an ideal bona fide purchaser and an ideal judicial lien creditor, 11 U.S.C. § 544(a)(1) and (3), and to all the rights that such ideal creditors have under state substantive law. The bankruptcy trustee attains such idealized status whether or not he or any actual creditor had actual knowledge of pre-existing obligations of the debt- or. The same is true of a debtor-in-possession; he assumes the same idealized status as the bankruptcy trustee without regard to any knowledge he or any creditor on whose behalf he acts may have. 11 U.S.C. § 544(a).
I therefore conclude that Hartman’s knowledge, as debtor, is not imputed to it as debtor-in-possession. Moreover, as debt- or-in-possession, it had a duty to “examine proofs of claims and object to the allowance of any claim that is improper,” 11 U.S.C. § 704(4), and therefore it had a duty to avoid Pyne’s claim as a secured creditor. Only if it could be shown that each of Hartman’s creditors had actual knowledge of the existence of the deed of trust do I see any ground on which to apply the exception to the Tavenner rule, and there is no such showing here.
The argument of Pyne, the purportedly secured creditor, that Hartman should not be able to do in bankruptcy as debtor-in-possession what Hartman could not do outside bankruptcy as debtor misses the point. Hartman as debtor-in-possession does not avoid Pyne’s lien as debtor; Hartman avoids it only in its role as trustee for all claimants against the debtor. Pyne’s claim remains good against Hartman, it is only in demoting it from a secured to an unsecured claim that the defective acknowledgement of the trust deed does him harm.
I would affirm the judgment of the district court.

 Tavenner explains that while such a deed may be recorded, such recordation does not constitute constructive notice of its existence because such a deed is not entitled to be recorded. Ta-venner at 688.